' [No. 1502.]

EX PARTE ANNIE WILSON.

1. DISORDERLY HOUSES—JURISDICTION OF THE RECORDER'S COURT OF
   THE CITY OF DALLAS.—The amended charter of the city of Dallas,
   Texas, among other provisions, confers upon the Recorder's Court of that
   city concurrent jurisdiction of all cases for keeping disorderly houses, or
   houses of prostitution within the limits of said city. See Section 21 of
   the Act of March 31, 1883, Special Laws Eighteenth Legislature, pages
   25–26.
2. SAME.—Section 62 of the same Act conferred upon the city council "The
   right to enact all necessary ordinances to restrain and punish vagrants,
   mendicants, street beggars, and prostitutes; to locate, restrain, punish
   and control all disorderly houses of prostitution or assignation and the
   keeper or inmates thereof, * * * * * with as great a penalty as the
   same is punished by the statutes of the State. The Mayor's Court of the
   city of Dallas shall have concurrent jurisdiction of such misdemeanors
   when committed in the limits of the city of Dallas."
3. SAME.—Section 82 of the same Act provides that "The city council shall
   have power to pass, publish, amend or repeal, all ordinances, rules and
   police regulations not contrary to the Constitution of the State, and
   necessary for the order or good government of the city, or the trade,
   health or commerce thereof; or that may be necessary and proper to carry
   into effect the powers vested in the corporation, or any of its officers by
   the act of incorporation of date August 9, 1876, and this and other amend-
   ments thereof; to enforce the observance of all such ordinances, rules and
   police regulations, and to punish violations thereof by fines or imprison-
   ment, either or both, or by work on the street or other public works, as
   may be provided by ordinance, and required by the judgment of the
   court; provided, that no fine shall exceed two hundred dollars, and no
   period of imprisonment shall exceed thirty days." Under these amend-
   ments, the city council of the city of Dallas, on June 13, 1883, enacted an
   ordinance "punishing keepers of disorderly houses," which is an almost
   literal re-enactment of the provisions of the Penal Code, contained in Ar-
   ticles 339, 340 and 341, including the punishment assessed by Article 341,
   to wit: "by fine not less than one hundred nor more than five hundred
   dollars."
4. SAME—CONSTITUTIONAL LAW—CASE STATED.—In a prosecution before
   the Mayor's Court of Dallas, under the said amended charter, for keeping
   a disorderly house, it was insisted that the amendments quoted are un-
   constitutional, particularly in so far as they extend the jurisdiction of the
   mayor's and recorder's courts over keepers of disorderly houses so as to
   make it concurrent with the jurisdiction of the county court over such
   offenses. The position was based upon the express provision of Section
   56 of Article III of the Constitution, which prohibits the Legislature

from passing any local or special law "incorporating cities, towns or villages, or changing their charters," and from regulating (by special or local law) the practice or jurisdiction of, or changing the rules of evidence in any judicial proceeding or inquiry before courts, justices of the peace," etc. The first paragraph of the said section of the Constitution (Sec. 56, Art. III) provides that "the Legislature shall not, *except as otherwise provided in this Constitution*, pass any local or special law," upon the subjects prohibited. Section 5 of Article XI of the Constitution, provides that "cities having more than ten thousand inhabitants may have their charters granted or amended by special act of the Legislature," etc. *Held*, that the two sections of the Constitution quoted are harmonious, and may be construed together; that the Legislature has the power, by special act, to amend the charter of a city of more than ten thousand inhabitants, and that, in this case, it will be presumed that the Legislature was satisfied that the city of Dallas contained more than ten thousand inhabitants.

5. SAME.—It was further objected that the ordinance of the city council was inconsistent with Article 418 of the Revised Statutes, which limits the power of a city council in assessing fines and penalties to one hundred dollars, and imprisonment to a term of fifteen days. *Held*, that the constitutional exception with ·egard to cities of more than ten thousand inhabitants takes such cities out of the purview of the general law, whenever their amended charter provides a different rule or confers a greater power than that given by the general law. See the opinion *in extenso* on the question.

6. SAME.—It was further objected that the ordinance. which authorized a penalty by fine of five hundred dollars, was inconsistent with sections 21 and 82 of the amended charter, in so far as it authorized a penalty greater than that provided by the said sections, which, it was claimed, was limited to a fine of two hundred dollars, and imprisonment for thirty days. *Held*, untenable, inasmuch as section 21 confers upon such mayors' and recorders' courts concurrent jurisdiction in cases of disorderly houses, or houses of prostitution; because section 62 of the charter provides that such offenses may be punished with as great a penalty as that authorized by the statutes of the State, and the ordinance is itself a re-enactment of the State law.

HABEAS CORPUS on appeal from an order in chambers, issued by the Hon. J. M. Hurt, Judge of the Court of Appeals, upon the petition of the relator, who was restrained by virtue of a warrant issued by the Hon. W. L. Cabell, mayor of the city of Dallas, Texas, charging the offense of keeping a disorderly house.

*R. H. West*, for the relator.

*J. H. Burts*, Assistant Attorney General, for the State.

L1

White, Presiding Judge. The Eighteenth Legislature by a special act, approved March 31, 1883, amended the act of August 9, 1876, "To incorporate the city of Dallas and grant a new charter to said city."

By the twenty-first section of the old charter (August 9, 1876), the authority, power and jurisdiction of the mayor or recorder, with regard to the prosecution and suppression of crime, was limited expressly in extent to such as by statute was conferred upon justices of the peace only, and they were not authorized to take cognizance of any offense not coming within the jurisdiction of a justice of the peace as defined by the law.

By the amendment of this twenty-first section, as made by the act of March 31, 1883, it is declared that the recorder's court of the city of Dallas "shall have concurrent jurisdiction and cognizance of all misdemeanors, breaches of the peace, infractions of the ordinances, and all other causes arising under the laws of said city, and arising under the criminal laws of this State within said city limits, in which the punishment is by fine only, or by fine or imprisonment, or by both; provided, that no fine shall exceed two hundred dollars, or period of imprisonment exceed thirty days in the city jail; and provided further, that said court shall have concurrent jurisdiction of all cases for keeping disorderly houses or houses of prostitution within the limits of said city. And said court shall be deemed always open for the trial of said cases. Said court shall have full power, authority and concurrent jurisdiction in all cases arising under the ordinances of said city, or the State law, as hereinbefore limited, and over any breaches of the peace and violations thereof, and of any and all persons thus offending, including vagrants, gamblers, prostitutes and keepers of disorderly houses," etc. (Special Laws, Eighteenth Legislature, pp. 25 and 26.)

The sixty-second section of said act conferred upon the city council "the right to enact all necessary ordinances to restrain and punish vagrants, mendicants, street beggars and prostitutes; to locate, restrain, punish and control all disorderly houses of prostitution or assignation, and the keepers or inmates thereof, * * * * * with as great a penalty as the same is punished by the statutes of the State. The mayor's court of the city of Dallas shall have concurrent jurisdiction of such misdemeanors when committed in the limits of the city of Dallas." (Special Laws, Eighteenth Legislature, p. 27.)

Section 82 provides that: "The city council shall have power

to pass, publish, amend or repeal all ordinances, rules and police regulations not contrary to the Constitution of the State, and necessary for the order or good government of the city, or the trade, health or commerce thereof, or that may be necessary and proper to carry into effect the powers vested in the corporation or any of its officers by the act of incorporation of date August 9, A. D. 1876, and this and other amendments thereof; to enforce the observance of all such ordinances, rules and police regulations, and to punish violations thereof by fines or imprisonment, either or both, or by work on the streets or other public works, as may be provided by ordinance and required by the judgment of the court; provided, that no fine shall exceed two hundred dollars ($200.00), and no period of imprisonment shall exceed thirty days," etc. (Special Laws, Eighteenth Legislature, p. 28.)

It will be noticed that under the amendments of the charter the jurisdiction of the recorder's or mayor's court is not limited to cases over which justices had jurisdiction, but greatly enlarged, and in some respects the jurisdiction is made concurrent with the County Court in cases theretofore falling within the exclusive jurisdiction of the County Court, and notably as provided in section 21, *supra,* in cases for keeping disorderly houses or houses of prostitution.

With regard to these cases, on the thirteenth day of June, 1883, the city council of Dallas passed an ordinance (under the authority conferred by the amendments of the charter) "punishing keepers of disorderly houses." This ordinance was an almost literal re-enactment of the provisions of our Penal Code contained in Articles 339, 340 and 341, including the punishment assessed by Article 341, to wit, "by fine not less than one hundred nor more than five hundred dollars."

An affidavit or complaint was filed on the thirty-first of July, 1883, by W. H. Ramsay, with W. L. Cabell, mayor of the city of Dallas, charging appellant with keeping a disorderly house, and she was arrested upon a warrant issued by the mayor upon said complaint. The legality of her arrest was tested under a writ of *habeas corpus,* upon a hearing had before Judge Hurt, of this court, in chambers, and he remanded the applicant to custody for trial upon the complaint. She appeals from this judgment to this court.

It is insisted that the amendments to the charter of the city of Dallas above noticed are unconstitutional, and particularly so in

so far as they extend and confer additional powers and jurisdiction upon the mayor's and recorder's courts to exercise concurrent cognizance with the County Court in cases for keeping disorderly houses. The position is, in effect, that the charter of 1876 could not be amended as attempted, because by express provision of Article III, section 56, of the Constitution, the Legislature is prohibited from passing any local or special law "incorporating cities, towns or villages, or changing their charters," and is also expressly prohibited further in the same section from "regulating (by special or local law) the practice or jurisdiction of, or changing the rules of evidence in any judicial proceeding or inquiry before courts, justices of the peace," etc.

In answer to this position we call attention to the language of the first paragraph of section 56. It is in these words: "The Legislature shall not, *except as otherwise provided in this Constitution*, pass any local or special law" upon the subjects therein prohibited.

Now in section 5 of Article XI of the Constitution it is provided that "cities having more than ten thousand inhabitants may have their charters granted or amended by special act of the Legislature," etc. This provision is of equal and binding force with section 56 of Article III; they are both parts of the Constitution; are not inconsistent, but entirely harmonious, and capable of being construed together, because section 56 provides that where the Constitution itself prescribes a different rule from the one therein provided, its provisions shall not control to prevent the passage by special law of any act by the Legislature with regard to any of the subjects therein mentioned. The Constitution does "otherwise provide" with regard to the charters of cities having more than ten thousand inhabitants, and we presume that the Legislature was satisfied of the fact that the city of Dallas had the requisite population, or it would not have passed the special law amending the city charter. In our opinion, the constitutional objection to the amended charter is not tenable.

But it is urged against the ordinance under which this prosecution is had that it is inconsistent with Article 418 of the Revised Statutes, which limits the power of a city council, in assessing fines and penalties, to fines which shall not exceed one hundred dollars, and to imprisonment which shall not exceed fifteen days. In answer to this position it may be said that the constitutional exceptions with regard to cities of more than ten

thousand inhabitants takes such cities out of the purview of the law, whenever their amended charter provides a rule different from the general law, or confers power greater than that given by the general law. The one is as much the act of the Legislature as the other, and when not obnoxious to constitutional objection, any special act of the Legislature is valid and binding as much so as a general law, to the extent of the powers granted by it. If inconsistent with or contrary to the general law, it stands and must be considered as an exception to it.

Again, it is said that the ordinance, in so far as it provides that the keeping of a disorderly house may be punished by a fine as much as five hundred dollars, is inconsistent with and in excess of the punishment allowed to be inflicted by the twenty-first and eighty-second sections of the amended charter, *supra*, which, it is said, limits all punishments to a fine not to exceed two hundred dollars and the period of imprisonment not to exceed thirty days. But it will be seen that in section 21 concurrent jurisdiction is specially given in cases of disorderly houses or houses of prostitution, and they are made exceptional cases even in that section. When we turn to section 62 of the charter, we find that it is provided that such offenses may be punished "with as great a penalty as the same is punished by the statutes of the State;" and we have seen that the ordinance is but a reenactment of the State law.

Having examined and discussed all the questions legitimately arising upon the record before us, it only remains to declare that in our opinion no error has been committed in rendering the judgment appealed from, and it is therefore affirmed.

*Affirmed.*

Opinion delivered October 17, 1883.